Deaderick, J.,
delivered the opinion of the Court.
These two causes were heard together at the March Term, 1870, of the Chancery Court at Dyersburg.
From the record it appears that Jos. B. Hibbett, deceased, and John M. Fakes were partners in the mercantile business in Dyersburg.
Hibbett died in June, 1864, and complainant Watkins administered upon his estate some time thereafter.
In December, 1866, Watkins, as administrator of Jos. B. Hibbetts, filed his bill in the' Chancery Court at Dyersburg, alleging the insolvency of the estate of *186 .-aid Hibbetts, deceased, and that Fakes, his late partner, was also insolvent; and that nearly all the debts due from his intestate were contracted in carrying on said mercantile business; that many of his creditors resided in the eastern and northern cities; that Fakes, the surviving partner, had taken possession of the books, notes, accounts, and other property of said firm, had refused complainant access to them, and had left the State, and is doing nothing toward collecting the debts due the firm, and that, being insolvent, if he should collect the debts, complainant would have no means of compelling their application to the satisfaction of the creditors of said firm. Complainant prays that said books, accounts, notes, etc., of the firm be attached and applied as assets of said estate.
Complainant also prays for the sale of the individual property of his intestate, after allotment of dower to his widow, for the satisfaction of his debts.
The widow and heirs at law and creditors of intestate were made defendants by service of process and by publication. An attachment issued as prayed for, and a receiver was appointed to take into his possession the partnership effects.
The widow, who had in the meantime intermarried with defendant' "White, and her two minor children by intestate, answered, the latter by guardian ad' litem.
Fakes also answered, and judgments pro confesso were taken as to the other defendants.
After allotting dower to the widow, the individua] property of intestate was sold for the payment of his separate debts. ' The receiver also made report of *187 some of tbe collections made by bim on tbe firm debts placed in bis bands. No disposition of tbe said fund was made by tbe Chancellor, but tbe receiver was directed to loan out tbe fund collected or to pay it into tbe bands of Master, and report to subsequent terms of tbe Court bis progress in collecting tbe remaining debts.
In the meantime, some eight or ten mercantile firms in tbe northern and eastern cities, who were creditors of.the late mercantile firm of Fakes & Co., composed of intestate and defendant Fakes, severally presented their petitions to said Chancery Court, and prayed to be admitted as defendants to tbe bill of said administrator, and that their claims might be allowed, and that they might "be paid their distributive share, of tbe estate of intestate and of tbe assets of Fakes & Co.
Amongst these petitioning creditors of Fakes & Co. were tbe complainants, Thomas L. Barrett and others, who constituted a mercantile firm at Louisville, Kentucky, and had obtained judgment against Fakes as surviving partner of Fakes & Co. in tbe Circuit Court of Dyer county for $>4,866.27.
These several claims against Fakes & Co. were filed before any decree was pronounced in the cause of "Watkins, administrator, etc., v. Fakes et ais., and before the filing of the bill of Barrett et ais. v. Fakes et als.
This last mentioned bill was filed to attach all the partnership effects of Fakes & Co. for the satisfaction of their said judgment, but at what precise time the record does not disclose.
*188 Upon the foregoing facts the question presented for our determination is, whether complainants Barrett et ais. are entitled, by reason of the filing of their attachment bill, and the attaching of the partnership effects of Fakes & Co., to appropriate said effects to the satisfaction of their judgment to the exclusion of the other creditors of said firm.'.
The Chancellor upon the hearing of both causes together, so decreed, and Watkins, the administrator of Hibbetts, appealed from said decree to this Court.
Fakes, in his answer to the bill of the administrator, admits that both he and Hibbett’s estate were insolvent, and this fact otherwise satisfactorily appears from the record. He says further that he had done nothing toward winding up the business of the partnership, because he had during the war lost all his property, and was obliged to change his domicil, and therefore could not give his personal attention to collecting the debts of the firm of Fakes & Co., and submits to the Court that the assets of the firm be collected and applied pro rata amongst all the partnership creditors.
Although the bill of Watkins is not very full or specific in its allegations or prayer, yet we are of opinion that it does sufficiently and substantially allege the insolvency of the estate of Hibbetts, and also of defendant Fakes, and pray that the effects of the firm may be attached and paid to the creditors of the firm, and that these creditors be made defendants to the bill.
It is well settled that the death of one partner operates a dissolution of the partnership.
*189 The personal representative of the deceased partner is tenant in common with the survivors of the partnership and. effects, and he has also the same lien or equitable right to have the partnership funds and effects applied to the payment of partnership debts, that his intestate had as partner: 1 Col., 341.
In the same case it is said that this is not only a right, “but that it is the imperative duty of the personal representative, to insist on a due and regular application of the -joint effects to the joint debts. This is a right and duty which the personal representative can not surrender or forego. It is enjoined upon him by law.” It was therefore held, that although the surviving partner had the right to wind up and settle the affairs of the partnership, he could not assign the effects of the partnership to preferred creditors.
It is furthermore declared in the case already cited in 1 Col., that the joint creditors have an equity or quasi lien, under and through which the specific lien of the partners entitles them to have the partnership effects ratably appropriated to the discharge of each and all of the joint debts, in case of a dissolution by death or bankruptcy of one of the partners, citing Sto. on P., s. 361; 2 Sto. Eq., s. 1252; and this is said to be “the well established equity of all the joint creditors in the case of the death or bankruptcy of one of the partners.”
If it be the imperative duty of the personal representative, to see to the application of the joint effects to the joint debts, and if, in case of the death or bankruptcy of one partner, the joint creditors have an *190 equity or' quasi lien entitling them to have the partnership effects, ratably appropriated to the discharge of each and all of the joint debts, it is manifest, that under the circumstances of this case, no one of the creditors of the partnership is entitled to appropriate the partnership effects to his own debt, to the exclusion of all the other creditors.
The administrator filed his bill »■ rightfully for the purpose of attaching the firm effects for the benefit of all the creditors. The surviving partner answered and admitted that he was not settling the partnership,' as he might have done, lawfully, but he had abandoned the State, and in effect united in the prayer of the bill, that the Court might distribute the fund.
The creditors were all made parties, and nine different firms, holding a large amount of debts against the firm of Fakes & Co., apply by separate petitions to be made defendants, • and to have a pro rata share of the proceeds of the firm property and effects; it also appearing that one partner is dead and the firm hopelessly insolvent.
The fund was in the custody of the Court. A receiver had been appointed, under the administrator’s bill, to collect the partnership debts; and we hold, that Barrett & Co., who had been made defendants in the case of the administrator of Hibbert v. Fakes and others, upon their own petition, in which they pray only for a pro rata share of the partnership funds, can not, by filing a separate bill, attach effects already attached at the suit of the administrator, for the benefit of all the creditors, and in the custody and under the *191 control of the Court, appropriate such effects to his own debt to the exclusion of other creditors, for whose benefit, equally with his own, said effects were originally attached.
We are, therefore, of opinion, that the decree of the Chancellor allowing complainants, Barrett et als., priority of satisfaction out of the partnership fund and effects was erroneous, and must be reversed.
The cause will be remanded to the Chancery Court, with instructions to collect and distribute the partnership funds and effects pro rata amongst the creditors of the partnership.
The complainants, Barrett et als., will pay the costs of these two causes in this Court, and the costs in the Chancery Court will be paid as the Chancellor may hereafter direct.